IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Marie Assa'ad-Faltas, MD, MPH, | C/A No.: 3:13-2715-TLW-SVH |
| Plaintiff, | |
| vs. | |
| City of Columbia, SC; The City's Police Department; Sara Heather Savitz Weiss; Tandy Carter; Debbie C. Jordan; Michael King; CPD Captain Gregory A. Sharp; CPD Sargent James Auld; CPD Officer Brown; CPD Officer Girard; Richland/Columbia Dispatcher Bruner; Retired CPD Sargent Joseph Smith; Dana Elizabeth Davis Turner; Pamela Elaine Jacobs Hawkins; Attorney David W. Farrell; Attorney Robert G. Cooper; Dinah Gail Steele; Larry Wayne Mason; John Mitchel Jones; Charlene Crouch; Teresa Felicia Ingram-Jackson; Steele Enterprises; AAA Investigations; J. Andrew Delaney; McAngus, Goudelock & Courie; Reuben Santiago, Interim CPD Chief; Teresa Wilson, Manager of the City; Alan Wilson, Attorney General of South Carolina, | REPORT AND RECOMMENDATION |
| Defendants. | |

Plaintiff Marie Assa'ad-Faltas, MD, MPH, proceeding *pro se* and *in forma pauperis*, alleges a violation of her constitutional rights under 42 U.S.C. § 1983 by private individuals and companies, attorneys, law enforcement officers, state and city officials/entities, prosecutors, and a municipal court judge (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(e)

1

(D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

I. Factual and Procedural Background

Plaintiff states that the instant complaint:

> [A]ddresses **only** (a) the false arrest of Plaintiff on **Saturday, 12 December 2009,** on false charge of 'unlawful use of telephone' which was resolved in her favor on 6 October 2010, and (b) Defendants' continued efforts to bring that false charge to trial until July 2012 and March 2013.

[Entry #1 at ¶ 4 (emphasis in original)]. Plaintiff's arrest allegedly resulted from her repeated calls to City of Columbia Police Department ("CPD") dispatcher Bruner requesting that an officer escort her to her apartment to retrieve clothing.[1] *Id.* at ¶¶ 43, 49. Plaintiff identifies CPD Sgt. James Auld as the arresting officer on December 12, 2009, and claims defendant Auld "had no warrant and . . . bruised [Plaintiff's] wrists with the handcuffs." *Id.* at ¶ 48. Plaintiff asserts she was released from custody on December 13, 2009, but complains that defendants Robert G. Cooper, Tandy Carter, and CPD Sgt. Joseph Smith "ignored all evidence of damage to [Plaintiff's] wrists." *Id.* at ¶¶ 53, 55.

Plaintiff includes multiple pages of background information regarding a tumultuous landlord/tenant relationship, *id.* at ¶¶ 27–46, which allegedly resulted in Plaintiff being arrested for two counts of harassment on December 2, 2009, *id.* at ¶ 10, and thereafter prosecuted on those charges. *Id.* at ¶¶ 10–13; 22–24. However, Plaintiff

---

[1] Plaintiff had previously been ordered "not to return to her [] apartment without a police escort and not to live there." Entry #1 at ¶ 40.

states that "[a]ll claims against Defendants herein and other defendants for the false arrest, imprisonment, and failed attempted false convictions of Dr. Assa'ad-Faltas of harassment, trespass, disorderly conduct, and shoplifting (all of which she was thank God, exonerated) are reserved for other law suits" and are "recited only to give a coherent factual background" for the instant December 12, 2009, false arrest claim. *Id.* at ¶¶ 6, 14.

Plaintiff believes Defendants "contrived" or "choreographed" her arrest on December 12, 2012, in an effort to revoke her bond on her previous harassment arrests "and return her to incarceration to prevent her effective *pro se* research leading to self-exoneration . . . and to leave her apartment open to looting by Defendants." *Id.* at ¶¶ 16–17; *see also id.* at ¶¶ 52–53, 56. Plaintiff seeks monetary damages from Defendants. *Id.* at ¶ 65(c). Plaintiff further asks this court to declare unconstitutional the state statute[2] under which defendant Auld arrested her,and to enjoin Defendants from arresting anyone under that statute. *Id.* at ¶ 65(a), (b).

II.     Discussion

    A.     Standard of Review

Plaintiff filed her complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious.

---

[2] Plaintiff cites to S.C. Code Ann. § 16-17-340; however, it appears defendant Auld arrested Plaintiff pursuant to S.C. Code. Ann. § 16-17-430 (Unlawful Communication). Plaintiff fails to demonstrate that this statute is unconstitutional.

3

28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

   B.   Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In addition, a plaintiff must

affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

1. Improper defendants

    i. Judicial immunity (Dana Elizabeth Davis Turner)

Plaintiff names Dana Elizabeth Davis Turner, a City of Columbia Municipal Court Judge, as a defendant. *See* South Carolina Judicial Department, http://www.judicial.state.sc.us/municipalCourt/alphaList.cfm (last visited Oct. 31, 2013). It is well-settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). Judicial immunity is not pierced by allegations of corruption or bad faith, nor will a judge "be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Because judicial immunity is a protection from suit, not just from ultimate assessment of damages, *Mireless*, 502 U.S. at 11, Judge Turner is entitled to summary dismissal from the instant case for claims associated with her judicial actions.

    ii. Prosecutorial immunity (Sara Heather Savitz Weiss; Alan Wilson)

Plaintiff names prosecutors Sara Heather Savitz Weiss and Alan Wilson as defendants. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259

5

(1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Thus, Plaintiff's claims associated with Weiss' prosecution of Plaintiff in state court are barred from suit under § 1983. Further, to the extent Plaintiff names Alan Wilson for actions taken as the State of South Carolina's Attorney General, such claims are also subject to summary dismissal.

        iii.   No state action

            a.   Attorneys (David W. Farrell; Robert G. Cooper; J. Andrew Delaney; and McAngus, Goudelock & Courie)

Plaintiff names attorneys David W. Farrell, Robert G. Cooper, and J. Andrew Delaney and the law firm of McAngus, Goudelock & Courie as defendants for their involvement in Plaintiff's civil and criminal proceedings. An attorney, whether retained or appointed, does not act under color of state law when performing traditional functions as counsel. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn.8–16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 nn.2–3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney). Thus, Plaintiff's claims relating to the involvement by these attorneys and law dirm in Plaintiff's state criminal or civil proceedings are subject to summary dismissal.

            b.   Private individuals/companies (Dinah Gail Steele, Larry Wayne Mason, John Mitchel Jones, Charlene Crouch, Teresa Felicia "Nikki" Ingram-Jackson, Steele Enterprises and AAA Investigations)

Plaintiff identifies defendants Steele, Mason, Jones, Crouch, Ingram-Jackson, Steele Enterprises and AAA Investigations as private individuals or businesses associated with Plaintiff's landlord/tenant dispute. Purely private conduct, no matter how wrongful,

6

injurious, fraudulent, or discriminatory, is not actionable under § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *see also Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). As Plaintiff fails to demonstrate any "state action" by these defendants, her claims against them are subject to summary dismissal.

iv. Non-person entity (City's Police Department)

It is well-settled that only persons may act under color of state law, *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978), and the City's Police Department ("CPD") is not a person amenable to suit under § 1983. *See Singleton v. 10 Unidentified U.S. Marshals*, 2011 WL 4970779, C/A No. 2:11–1811–TLW–JDA, at *4 n.9 (D.S.C. Sept. 1, 2011) (collecting cases), *adopted by* 2011 WL 5005271 (D.S.C. Oct. 19, 2011). Further, CPD is not an independent entity subject to suit under § 1983. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (finding the Denver Police Department not a separate suitable entity); *McNeil v. Rock Hill Police Dept.*, C/A No. 0:12–1933–CMC–SVH, 2012 WL 6863917, at *2 (D.S.C. Dec. 27, 2012), *adopted by* 2013 WL 168050 (D.S.C. Jan. 16, 2013). Because CPD is not a separate entity or a person amenable to suit under § 1983, this defendant should be summarily dismissed from this action.

2. Lack of factual allegations

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Although the court must liberally construe a *pro se* complaint, the Unites States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677−78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

7

(2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678−79. In the present case, Plaintiff provides no factual allegations against the following defendants: Michael King; CPD Captain Gregory A. Sharp; CPD Officers Brown and Girard; Pamela Elaine Jacobs Hawkins; Reuben Santiago; Teresa Wilson; and Alan Wilson. Thus, Plaintiff's claims against these individuals are subject to summary dismissal.

    3.    False Arrest

Plaintiff alleges Sgt. Auld illegally arrested her on December 12, 2009, for unlawful use of a telephone pursuant to S.C. Code Ann. § 16-17-430.[3] [Entry #1 at ¶ 4]. Plaintiff claims the arrest resulted from repeated calls to Richland/Columbia Dispatcher Bruner. *Id.* at ¶ 49. "[P]olice may arrest an offender even for a 'very minor criminal offense' so long as the seizure is supported by probable cause." *Harrison v. Deane*, No. 09-2202, 2011 WL 1630043, at *5 (4th Cir. Apr. 29, 2011) (citing *Figg v. Schroeder*, 312 F.3d 625, 636 (4th Cir. 2002)). "There is no cause of action for 'false arrest' under section 1983 unless the arresting officer lacked probable cause." *Street v. Surdyka*, 492 F.2d 368, 372–73 (4th Cir. 1974)).

Plaintiff alleges both a warrantless arrest by Sgt. Auld, and the issuance of an arrest warrant for the unlawful use of a telephone on December 12, 2009. [Entry #1 at ¶¶

---

[3] South Carolina law makes it unlawful to telephone or electronically contact another repeatedly, whether or not conversation ensues, for the purpose of annoying or harassing another person or his family. S.C. Code Ann. § 16-17-430(3).
.

21, 48]. Plaintiff's complaint contains nearly ten pages of telephone transcripts demonstrating numerous calls she made to Bruner prior to her arrest on December 12, 2009. *Id.* at ¶ 49. Because Plaintiff's own pleadings demonstrate she repeatedly called the CPD dispatcher and that Sgt. Auld had been informed that Plaintiff had been harassing and yelling at the dispatcher, *id*. at 18, Plaintiff's complaint fails to demonstrate a lack of probable cause for her arrest or an unreasonable seizure under the Fourth Amendment. *See Figg*, 312 F.3d at 636 ("An officer has probable cause for arrest if the facts known to him at the time would warrant the belief of a prudent person that the arrestee had committed or was committing a crime.") (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). Thus, Plaintiff's false arrest claim is subject to summary dismissal.

        4.        Malicious Prosecution

Plaintiff claims that the charge for unlawful use of a telephone "was resolved in her favor" on October 6, 2010. However, Defendants allegedly "continued efforts to bring that false charge to trial until July 2012 and March 2013." [Entry #1 at ¶4]. "[I]t is not entirely clear whether the Constitution recognizes a separate constitutional right to be free from malicious prosecution." *Snider v. Seung Lee*, 584 F.3d 193, 199 (4th Cir. 2009). However, to the extent such right exists, a plaintiff must demonstrate seizure "'pursuant to legal process that was not supported by probable cause and [ ] that the criminal proceedings have terminated in plaintiff's favor.'" *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012) (quoting *Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005)).

As discussed above, Plaintiff fails to demonstrate an unlawful arrest by Sgt. Auld. Further, to the extent Plaintiff's unlawful use of a telephone resulted in a "*nol*

*prossequi with leave to reopen*," Entry #1 at ¶ 2 (emphasis in original), such a dismissal does not constitute a termination in Plaintiff's favor. *See Nicholas v. Wal-Mart Stores, Inc.*, No. 01-1441, 2002 WL 506424, at *2 (4th Cir. Apr. 4, 2002) (plaintiff has "affirmative burden of proving that the *nolle prosequi* was entered under circumstances which imply or are consistent with innocence of the accused"); *Mixson v. Burke*, C.A No. 2:12-2609-DCN-PJG, 2013 WL 1282036, at *3 (D.S.C. Mar. 4, 2013) (collecting cases holding that an "unexplained *nolle prosequi*" is insufficient to demonstrate a favorable termination), *adopted by* 2013 WL 1281898 (Mar. 27, 2013). Thus, Plaintiff's malicious prosecution claims are also subject to summary dismissal.

5. Excessive force

Plaintiff alleges bruising on her wrists caused by handcuffs Sgt. Auld used during her arrest on December 12, 2009. [Entry #1 at ¶ 48]. Plaintiff further alleges that defendants Cooper, Carter, and Sgt. Smith "ignored all evidence of damage to [Plaintiff's] wrists." *Id.* at ¶ 55. Liberally construed, Plaintiff could be alleging a claim of excessive use of force. It is well-established that the use of excessive force violates the constitutional prohibition against cruel and unusual punishment. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). In an excessive force case, a claimant must meet a heavy burden to satisfy the subjective component of the claim; specifically, she must prove that officer applied force "maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986); *see also Wilkins v. Gaddy*, 559 U.S. 34 (2010).

Plaintiff does not allege that Sgt. Auld applied any force during the arrest or acted "maliciously and sadistically" to cause her harm. Further, while supervisory officials may be held liable, in some circumstances, for constitutional injuries inflicted by their subordinates, *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994), Plaintiff fails to demonstrate that defendants Cooper, Carter, or Smith were aware of, or deliberately indifferent to, any constitutional risk of injury to Plaintiff. *See Carter v. Morris*, 164 F.3d 215, 221 (4th Cir. 1999). Therefore, to the extent Plaintiff is alleging excessive use of force, her claim is subject to summary dismissal.

      6.      Conspiracy

Plaintiff alleges that Defendants conspired to arrest her on December 12, 2009. [Entry #1 at ¶¶ 16–17]. Under 42 U.S.C. § 1983 and § 1985, an alleged conspiracy must be pled and proved by concrete facts, not mere conclusory allegations. *Simmons v. Poe*, 47 F.3d 1370, 1376–77 (4th Cir. 1995); *Buschi v. Kirven*, 775 F.2d 1240, 1248 (4th Cir. 1985). In addition, the Supreme Court has held that, to establish a federal conspiracy claim under § 1985, a plaintiff must show that the alleged conspiracy is motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see also Trerice v. Summons*, 755 F.2d 1081, 1085 (4th Cir. 1985). Plaintiff provides no concrete facts to demonstrate that Defendants came to any mutual understanding or acted "jointly in concert" to deprive Plaintiff of any constitutional right. *See Hinkle v. City of Clarksburg, W. Va.*, 81 F.3d 416, 421 (4th Cir. 1996); *see also Ruttenberg v. Jones*, No. 07-1037, 2008 WL 2436157

(4th Cir. June 17, 2008). Thus, Defendants are entitled to summary dismissal from this case on Plaintiff's allegations of a conspiracy arising under § 1983 or § 1985.

7. Negligence

Plaintiff alleges claims of negligent training against the City of Columbia, CPD, Carter, Jordan, Cooper and Judge Turner. [Entry #1 at ¶¶20–21]. However, the law is well-settled that such a claim is not cognizable under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335–36 n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (*Daniels* bars an action under § 1983 for negligent conduct). Because Plaintiff's federal claims are recommended for summary dismissal, the undersigned recommends that the district judge decline to exercise supplemental jurisdiction over Plaintiff's state law causes of action. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996); *Tigrett v. Rector and Visitors of the Univ. of Va.*, 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

III. Conclusion and Recommendation

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

November 1, 2013  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).